UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Matthew Penning,

   Plaintiff,

v.

Regional Adjustment Bureau, Inc.,
a Tennessee corporation,

   Defendant.

1:04CV0838

Hon. Robert Holmes Bell
Chief, U.S. District Judge

## Complaint

### I. Introduction

1. This is an action for damages and declaratory relief, brought by a consumer against a debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Collection Practices Act ("MCPA"), M.C.L. § 339.901 *et seq.*

### II. Jurisdiction

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiffs' state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

### III. Parties

3. Plaintiff Matthew Penning is a natural person residing in Kent County, Michigan.

1

Mr. Penning is a "consumer" as the term is defined and used in the FDCPA. Mr. Penning is a "consumer" and a "debtor" as the terms are defined and used in the MCPA.

4. Defendant Regional Adjustment Bureau, Incorporated ("RAB") is a Tennessee corporation, doing business at 7000 Goodlett Farms Parkway, Memphis, Tennessee 38016-4916. RAB's registered agent is James S. Smith, Jr., 7000 Goodlett Farms Parkway, Memphis, Tennessee 38016-4916. RAB is a "debt collector" as the phrase is defined and used in the FDCPA. RAB is a "collection agency" and a "licensee" as these phrases and terms are defined and used in the MCPA.

## IV.    Facts

5. Mr. Penning opened two credit accounts with Fifth Third Bank, which he used to incur debt (the "Debt") for personal, family and/or household purposes. The Debt was a "debt" as the term is defined and used in the FDCPA and MCPA.

6. Mr. Penning later was injured, temporarily disabled and unable to work. Mr. Penning became unable to make monthly payments on the Debt.

7. Fifth Third Bank hired RAB to collect the Debt from Mr. Penning. Alternatively, Fifth Third Bank sold the Debt to RAB or some other entity, on whose behalf RAB began efforts to collect the Debt.

8. By letter dated November 24, 2004, RAB wrote Mr. Penning and demanded payment of the debt related to one of the Fifth Third Bank accounts. A copy of the letter is attached hereto as Exhibit A. By letter dated November 26, 2004, RAB wrote Mr. Penning and demanded payment of the debt related to other one of the Fifth Third Bank accounts. A copy of the letter is attached hereto as Exhibit B. Each letter asked Mr. Penning to contact RAB by

telephone to discuss the Debt.

9. On December 11, 2004, Mr. Penning telephoned RAB and spoke with its employee. In the conversation, the employee made the following statements:

a) That Fifth Third Bank had caused the Debt to be shown on Mr. Penning's credit reports as "charged off" accounts.

b) Mr. Penning asked, "If I can't pay [the Debt], how long does it stay on my credit report?" RAB's employee replied, "It's gonna stay on your credit report indefinitely. Without getting paid, it's not gonna go away. Once it gets charged off, it's never gonna go away."

c) RAB's employee also stated: "There is actually a settlement to close out the deal right now for a little bit of a reduced amount. This is what Fifth Third Bank has told my office, back in the beginning of this month and for the entire month of December that would incur the deal to close out this entire balance of $5,000.00, basically cutting you $2,000.00 off of what you owe."

d) Mr. Penning asked, "If I can't pay this [Debt], it's just gonna stay on my report forever?" RAB's employee replied, "Yea. It's gonna stay on your report forever. But that's not the least of what the worry is."

10. The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, states that no consumer reporting agency may make any consumer report containing information regarding "accounts placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency

3

which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

11. RAB and its employee falsely stated to Mr. Penning that derogatory information regarding the Fifth Third Bank accounts would be reported by the consumer reporting agencies as a part of Mr. Penning' credit history until the Debt was paid.

12. RAB and its employee misrepresented the length of time for which derogatory information regarding the Debt could remain on Mr. Penning' consumer report.

13. The unlawful debt collection methods, acts and practices of RAB and its employee were willful. The violations of the FDCPA and MCPA by RAB and its employee were willful.

14. As an actual and proximate result of the acts and omissions of RAB and its employee, Mr. Penning has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which he should be compensated in an amount to be established by jury and at trial.

**V.   Claims for Relief**

### Count 1– Fair Debt Collection Practices Act

15. Plaintiff incorporates the foregoing paragraphs by reference.

16. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

    a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiffs in connection with the collection of a debt.

b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt; and

c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendant's practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

## Count 2– Michigan Collection Practices Act

17. Plaintiff incorporates the foregoing paragraphs by reference.

18. Defendant has violated the MCPA. Defendant's violations of the MCPA include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiffs seek judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff hereby demands trial by jury.

Dated: December 13, 2004

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503
(616) 776-1176